UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER GILSON**  **CIVIL ACTION**

**versus**  **NO. 07-556**

**RICHARD L. STALDER**  **SECTION: "J" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Christopher Gilson, is a state prisoner incarcerated at the St. Tammany Parish Prison, Covington, Louisiana. The respondent has furnished this Court with a one-volume state court record relating to petitioner's convictions and sentences.

That record shows that, on March 25, 2003, based on petitioner's pleas, he was convicted of five counts of driving while intoxicated in violation of Louisiana law. On that same date, he was sentenced on those convictions to various terms of imprisonment, the longest being ten years, to be served concurrently; however, all but sixty days of the sentences were suspended, and he was placed on probation for a term of five years.

After he was subsequently arrested on two additional charges of driving while intoxicated, a motion was filed to revoke his probation. Thereafter, on August 22, 2005, he filed with the state district court a petition for writ of habeas corpus arguing that his convictions and sentences were illegal. At a hearing held on October 17, 2005, his probation was revoked, and he was ordered to serve the sentences which had previously been suspended. At that same hearing, the state district court judge also denied the petition for a writ of habeas corpus. On March 27, 2006, the Louisiana First Circuit Court of Appeal held:

> The trial court did not err in denying relator's writ of habeas corpus and supplemental writ of habeas corpus. Furthermore, the trial court did not err in executing the sentences as originally imposed after revoking relator's probation.

State v. Gilson, No. 2005-KW-2478 (La. App. 1st Cir. Mar. 27, 2006). On October 13, 2006, the Louisiana Supreme Court denied petitioner's related writ application without assigning reasons. State v. Gilson, 939 So.2d 373 (La. 1987).

On January 31, 2007, petitioner filed the instant federal application for habeas corpus relief asserting three claims challenging his convictions and sentences.[2]  The state argues that petitioner's application should be dismissed as untimely.  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction and sentence became final by the conclusion of direct review or the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).[3]  As noted, petitioner was convicted and sentenced on March 25, 2003.  Therefore, his convictions and sentences became final no later than April 1, 2003, upon the expiration of his period for seeking direct review under state law.[4] Accordingly, the period that petitioner had to file his application for federal habeas corpus relief

---

[2] Petitioner at times indicates that he is challenging only his sentences; however, the second claim asserted herein, i.e. that his convictions were invalid because his cases were not randomly allotted, also challenges his convictions.

[3] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[4] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's convictions in 2003, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 2003, March 29 was a Saturday and March 30 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions and sentences became final.

commenced on that date and expired one year later, i.e. on April 1, 2004, unless that deadline was extended through tolling.[5]

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, from April 1, 2003, through April 1, 2004, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[6]

---

[5] Petitioner argues that his limitations period commenced on October 13, 2006, when the Louisiana Supreme Court denied his writ application challenging the denial of his state habeas corpus petition and the revocation of his probation. He is incorrect.

To the extent that petitioner is arguing that he had one year from the date on which the denial of his state habeas corpus petition became final, he is clearly wrong. Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998); Stegeman v. Miller, Civ. Action No. 05-2822, 2005 WL 3541065, at *1 and *2 n.18 (E.D. La. Dec. 6, 2005).

To the extent that he is arguing that he had one year from the date on which his probation revocation became final, he is clearly wrong on that point as well. The claims he asserts in this federal application challenge the validity of his original convictions and sentences, *not* the revocation of his probation. Moreover, under Louisiana law, the fact that he was placed on probation did not affect the finality of his original convictions and sentences; his time for appeal ran from the original judgments, not from the judgment revoking his probation. See State v. Patetta, 483 So.2d 1133, 1134 (La. App. 5th Cir. 1986); State v. McDonald, 471 So.2d 834, 836-37 (La. App. 2nd Cir.), writ denied, 475 So.2d 1104 (La. 1985). Because he could have challenged both his convictions and sentences, thereby exhausting his state court remedies with respect to his instant claims, before the federal limitations period expired, the AEDPA statute of limitations ran from the date his convictions and sentences became final by the expiration of time for seeking such review under state law. See Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005), cert. denied, 127 S.Ct. 431 (2006) and 127 S.Ct. 548 (2006).

[6] Although he subsequently filed his state petition for a writ of habeas corpus on August 22, 2005, long after the federal limitations period expired, that petition and the related appellate court

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for habeas corpus relief.

Accordingly, because petitioner is not entitled to either statutory or equitable tolling, his federal application for habeas corpus relief had be filed on or before April 1, 2004, in order to be timely.  Because his federal application was not filed until January 31, 2007, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Christopher Gilson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

proceedings have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this thirteenth day of September, 2007.

                                             **DANIEL E. KNOWLES, III**
                                             **UNITED STATES MAGISTRATE JUDGE**